UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY A. WASHINGTON,
                        Plaintiff,

            -v-

BRIDGITTE FORTUNE *et al.*,
                       Defendants.

19-CV-601 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Gregory Washington, *pro se* and proceeding *in forma pauperis*, filed this action on January 18, 2019. (Dkt. No. 2.) In his second amended complaint, he alleges he was held 20 days beyond his parole maximum release date, violating his constitutional rights. (Dkt. No. 16.) He names ALJ Brigitte Fortune, Parole Revocation Specialist Glenda Bubb, and Chief of Parole Edward Delrio, as Defendants. (*Id.*). On April 20, 2020, Defendants moved to dismiss. (*See* Dkt. No. 29.) Rather than oppose, Washington applied to the Court for the appointment of counsel. (Dkt. No. 34.) He writes that he does not know how to respond to the motion to dismiss because his case "is very complicated." (*Id.*)

      A district court may appoint counsel under 28 U.S.C. § 1915(e). The Second Circuit has directed district courts to determine first whether the plaintiff made "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)). Once that showing has been met, a district court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . , the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just

1

determination." *Id.* at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986)). District courts must remain aware that "[v]olunteer lawyer time is a precious commodity." *Cooper*, 877 F.2d at 172.

There is at least some chance that the allegations of the second amended complaint will succeed. *See, e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (noting that a *pro se* litigant need only show "some chance of success" or "seem[] likely to be of substance" (internal quotation marks omitted)).  However, the legal issues in the case do not yet seem particularly complex, and at this stage of the case, Washington has no need for assistance investigating the crucial facts or for assistance in cross-examination.  Nor is appointment of counsel appropriate for any special reason.

Accordingly, Washington's application for appointment of counsel is denied without prejudice to renewal at a later stage in the case.  *See*, *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014).  Washington's time to respond to the motion to dismiss is extended to August 30, 2020.  If his opposition is not delivered to the proper prison authorities before that date, the Court will consider Defendant's motion to be unopposed.  Defendants' request at Docket Number 35 that the matter be deemed unopposed is denied.

SO ORDERED.

Dated: August 3, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*