UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY A. WASHINGTON,
                       Plaintiff,

          -v-

BRIGITTE FORTUNE, *et al.*,
                       Defendants.

19-CV-601 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Gregory A. Washington, proceeding *pro se*, claims that his rights under the Eighth and Fourteenth Amendments were violated when his final parole revocation hearing was adjourned from December 14, 2017, to December 29, 2017.  Plaintiff alleges that his maximum expiration date was December 21, 2017, and that the adjournment caused him to be "held unjustly" between then and the rescheduled hearing.  (Dkt. No. 16 at 4.)  Plaintiff brings his claims against, *inter alia*, Defendant Brigitte Fortune, the administrative law judge who presided over his parole revocation proceedings, and Defendant Glenda Bubb, the parole officer who requested the adjournment.  Asserting their immunity from suit, Defendants Fortune and Bubb now move to dismiss Plaintiff's case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 29.)  For the reasons that follow, the motion is granted.

**I.**    **Discussion**

      The Supreme Court has long recognized that "there are some officials whose special functions require a full exemption from liability," lest their ability to perform those functions independently and effectively be frustrated.  *Butz v. Economou*, 438 U.S. 478, 508 (1978).  Paradigmatically, judges and prosecutors receive "[a]bsolute immunity" from private damages actions to enable them to "perform their respective functions without harassment or

intimidation." *Id*. 511–12.  Instead of civil suit, "the importance of precedent in resolving controversies, the adversary nature of the process, and the correctability of error on appeal" serve as the primary "means of controlling unconstitutional conduct" by judges and prosecutors exercising their adjudicatory or prosecutorial discretion.  *Id*. at 512.

Because "the role of the modern . . . administrative law judge . . . is functionally comparable to that of a judge" and "agency adjudication contain[s] many of the same safeguards as are available in the judicial process," administrative law judges likewise receive absolute immunity when performing adjudicatory acts.  *Id*. at 513.  So too do parole officers "receive absolute immunity for their actions . . . in presenting [a] case for revocation to hearing officers, because such acts are prosecutorial in nature."  *Scotto v. Almenas*, 143 F.3d 105, 112 (2d Cir. 1998).  In short, Defendants Fortune and Bubb both perform functions for which they receive absolute immunity.

Absolute immunity, however, does not cover *every* action a judge, prosecutor, or analogous official may undertake.  *King v. Simpson* explained that a mere "administrative function like scheduling or making a recommendation," even if performed by one such official, is neither adjudicatory nor prosecutorial in nature and does not require the same degree of insulation from liability.  189 F.3d 284, 288 (2d Cir. 1999).  The question here is whether adjourning Plaintiff's final parole revocation hearing is the kind of administrative act that *King* envisioned exempting from absolute immunity.  The Court concludes that it is not.

Shortly after *King*, the Second Circuit clarified that acts "viewed as administrative when they are undertaken outside" "the context of a particular case" may still be subject to absolute immunity when done in connection with "a concrete judicial case or controversy."  *Mitchell v. Fishbein*, 377 F.3d 157, 174 (2d Cir. 2004) (internal quotation marks omitted).  Absolute

immunity remains available for scheduling and recommendations when these acts are "integrally related to the judicial process." *Dorman v. Higgins*, 821 F.2d 133, 136–37 (2d Cir. 1987) (extending absolute immunity to "probation officers preparing and furnishing presentence reports to the court"); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties.  This is a function for which judges and their supporting staff are afforded absolute immunity.").  To illustrate, "the decision of a judge concerning the scheduling of a trial . . . is undoubtedly subject to absolute immunity."  *Kuck v. Danaher*, 822 F. Supp. 2d 109, 146 (D. Conn. 2011).  Likening the scheduling of a parole revocation hearing to "the decisions of a judge concerning the scheduling of a trial," the Seventh Circuit has held that parole officers "are . . . absolutely immune from civil liability for . . . delay[s] in the scheduling of . . . parole revocation hearing[s]."  *Walrath v. United States*, 35 F.3d 277, 283 (7th Cir. 1994); *see also Hulsey v. Owens*, 63 F.3d 354, 357 (5th Cir. 1995) (holding that parole officers have absolute immunity against claims that they failed to act "in a timely manner").

  Broadly speaking, the Seventh Circuit's analogy is persuasive.  Plaintiff offers no reason why an administrative law judge responsible for parole revocation proceedings would have a lesser need or power to manage her docket than would a member of the judiciary.  Similarly, Plaintiff offers no reason why a parole officer should bear liability for a delayed final parole revocation hearing, when prosecutors are afforded absolute immunity for delays that arise in the course of presenting a case.  *See Rodriguez*, 116 F.3d at 66 (affording prosecutors absolute immunity against claims that they were "responsible for the delay in [the plaintiff's] appeal").  It follows that Defendants Fortune and Bubb have absolute immunity with respect to their decisions to seek and grant a two-week adjournment of Plaintiff's final parole revocation

3

hearing. Because Plaintiff cannot seek damages from Defendants Fortune and Bubb,[1] the claims against them must be dismissed.[2]

## II. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 29, to mail a copy of this Opinion and Order to Plaintiff, and to close this case.

SO ORDERED.

Dated: March 24, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] In his original complaint and first amended complaint, Plaintiff sought damages "for each and every day [he] had been held over [his] maximum expiration date." (Dkt. No. 2 at 5; Dkt. No. 6 at 5.) In his second amended complaint, the operative complaint, Plaintiff added a request for injunctive relief. The Court sees no way in which injunctive relief could redress Plaintiff's asserted injury and dismisses any claim for injunctive relief accordingly. *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 109 (1998) ("Because [Plaintiff] alleges only past infractions . . . and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury . . . [and] we must conclude that [Plaintiff] lacks standing to maintain this [claim]").

[2] Plaintiff also asserts claims against Chief of Parole Edward Delrio. The docket suggests that Defendant Delrio has not yet been served, has not appeared, and has not filed a motion to dismiss. Still, the Court concludes that dismissal of the claims against Defendant Delrio is warranted. Defendant Delrio enjoys the same absolute immunity from personal liability as does Defendant Bubb.